**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FEB 21 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10186 |
| Plaintiff-Appellee, | D.C. No. 2:20-cr-00044-SPL-1 |
| v. | |
| CLINTON MARK LEWIS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted February 8, 2024
Phoenix, Arizona

Before: MURGUIA, Chief Judge, and HAWKINS and JOHNSTONE, Circuit
Judges.

Defendant Clinton Lewis ("Lewis") appeals his conviction for possession of

child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), arguing that the district

court abused its discretion by denying his sixth motion for a continuance and that

there was insufficient evidence to support his conviction. We affirm.

---

   *   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

I.

We review the denial of a motion for continuance for an abuse of discretion, and the district court's decision will only be disturbed on appeal if the denial was "arbitrary or unreasonable." *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985). Factors to consider include: (1) whether the defendant "was diligent in preparing his defense or whether his request for a continuance appears to be a delaying tactic"; (2) whether "the purpose of the continuance would have been achieved had it been granted"; (3) the "extent to which granting the continuance would have inconvenienced the court and the opposing party"; and (4) "whether [the defendant] was prejudiced by the denial." *United States v. Kloehn*, 620 F.3d 1122, 1127 (9th Cir. 2010) (discussing the "*Flynt* factors").

There was no abuse of discretion by denying the continuance. The underlying forensic data from Lewis's computers had been timely provided to the defense more than a year earlier, and government agents had previously met with Lewis's defense team twice. The government also timely provided trial exhibits based on the computer evidence in advance of the deadline established in the court's pretrial order and again met with counsel to walk through the exhibits and the proposed expert testimony.[1] Granting the continuance would not have served its stated purpose,

---

[1] The district court disallowed introduction of two of the government's proposed demonstrative exhibits that were not based on previously-disclosed discovery.

particularly where previous continuances had been granted for similar reasons. In addition, granting a continuance so close to scheduled trial would have inconvenienced the court and the parties since the government had already prepared its exhibits, drafted potential stipulations, and filed pretrial motions and the court had already sent out jury questionnaires to a prospective jury pool and ruled on striking some jurors for medical reasons. *See Morris v. Slappy*, 461 U.S. 1, 11 (1983). Nor can Lewis demonstrate prejudice from the failure to continue the case, as "[g]eneral allegations that a continuance would have allowed him to prepare a better defense . . . are insufficient to allow us to find an abuse of discretion." *United States v. Sarno*, 73 F.3d 1470, 1493 (9th Cir. 1995).

## II.

In reviewing a challenge to the sufficiency of the evidence, we must view the evidence in the light most favorable to the prosecution, draw all inferences from evidence in favor of conviction, and affirm if *any* rational trier of fact could find the elements of the crime beyond a reasonable doubt. *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010). The government need not prove that Lewis knew of and exercised control of the *thumbnails* themselves—rather, the thumbnails are the leftover evidence of what pornographic materials Lewis had previously accessed on his desktop by viewing specific files in icon mode. From the testimony of the forensic expert, a jury could have reasonably inferred that Lewis had exercised

3

possession over the underlying files and/or "knowingly accesse[d] with intent to view" child pornography. 18 U.S.C § 2252(a)(4)(B).

Evidence was presented that Lewis had been using recording software such as ShareX and Replay Video Capture to make duplicate recordings of pornography files he was viewing on his desktop, viewing these files in icon mode (requiring a change from the default list view and creating residual thumbnails on his desktop), encrypting such files using Veracrypt software, and transferring them to an encrypted container, which he later loaded and viewed on his laptop.[2] Lewis also used deletion programs such as File Shredder and CCleaner to attempt to eliminate all traces of the files on his desktop. Lewis stipulated that he was the only one in his household who accessed the computers, and the government also introduced statements in which Lewis claimed not to have any familiarity with ShareX or Veracrypt, while evidence showed these programs had been run numerous times on his computers during the relevant timeframe.

From all of this evidence, a jury could reasonably infer that Lewis "knowingly possesse[d], or knowingly accesse[d] with intent to view" child pornography in

---

[2] The extensive evidence of the ways in which Lewis accessed and manipulated these files makes this case factually distinguishable from *United States v. Flyer*, 633 F.3d, 915, 918–19 (9th Cir. 2011), on which Lewis heavily relies, in which pornographic images were merely found in unallocated space on a computer. *Flyer* also applied the 2004 version of the statute, which did not include the "knowingly accesses with intent to view" language of the current version. *See* Prosecution—Child Pornography Cases, Pub. L No. 110-358, 122 Stat. 4001.

violation of 18 U.S.C. § 2252(a)(4)(B*). See United States v. Romm*, 455 F.3d 990, 998 (9th Cir. 2006).[3]

   **AFFIRMED.**

---

[3] Appellant's Unopposed Motion for Extension of Time to File Reply Brief [Dkt. Entry No. 33] is granted.  The reply brief filed on December 4, 2023, is deemed filed.